IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-915-S-BW | |
| § | | |
| DOUGLAS WAYNE DILL, SR., § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s motion to confirm an arbitrator's order. (*See* Dkt. No. 1 ("Mot.").) United States District Judge Karen Gren Scholer referred this case to the undersigned magistrate judge for pretrial management. (Dkt. No. 5.) The magistrate judge recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction.

### I. BACKGROUND

According to Wells Fargo's allegations, Defendant Douglas Wayne Dill, Sr. had a credit card account with Wells Fargo beginning in April 2014, the account agreement for which contained an arbitration clause. (Mot. ¶¶ 8-9.) In December 2023, Dill initiated arbitration against Wells Fargo under that agreement, asserting claims for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, et seq., and a claim

---

[1] United States District Judge Karen Gren Scholer referred this case to the undersigned magistrate judge for pretrial management. (Dkt. No. 5.)

for common law defamation.  (*Id.* ¶ 11.)  In December 2024, the arbitrator issued a final order granting summary judgment in Wells Fargo's favor and dismissing Dill's claims with prejudice.  (*Id.* ¶ 14.)

Wells Fargo filed the instant motion to confirm the arbitrator's order on April 11, 2025.  It alleges that the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331 based on the underlying claims asserted in the arbitration, namely: claims under the FCRA and FCBA.  (*Id.* ¶ 3.)  Dill filed an answer on May 5 (Dkt. No. 7) but, on May 28 filed an amended answer with a "counterclaim" seeking an order vacating the arbitrator's order (Dkt. No. 17).  Wells Fargo has since filed a motion to strike the amended answer and counterclaim.  (Dkt. No. 20.)

## II.  LEGAL STANDARDS AND ANALYSIS

A court is required to consider the basis of its jurisdiction, sua sponte if necessary.  *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).  Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction; or (2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, also known as diversity jurisdiction.  28 U.S.C.

§§ 1331, 1332. The party seeking a federal forum bears the burden of establishing that subject matter jurisdiction exits. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Although the Federal Arbitration Act ("FAA") contains provisions authorizing a federal court to confirm, vacate, or modify an arbitration award, *see* 9 U.S.C. §§ 9-11, these statutes "do not themselves support federal jurisdiction." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). Rather, "[a] federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" *Id.* When assessing subject matter jurisdiction for an application to confirm, modify, or vacate and arbitration award, a district court is not permitted to "look through" the application to the underlying arbitration proceeding. *Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749, 753 (5th Cir. 2024).

Wells Fargo's allegation of jurisdiction relies on looking through to the arbitration proceeding precisely as *Badgerow* does not allow. It avers that jurisdiction exits because the claims Dill asserted in the underlying arbitration arose out of federal law. (Mot. ¶ 3.) But the Court may not exercise jurisdiction in this motion to confirm an arbitration order on that basis. *See Freeman v. Syneos Health, LLC*, No. 3:25-CV-126-S-BN, 2025 WL 1799966, at *3 (N.D. Tex. June 4, 2025) (declining to exercise federal question jurisdiction based on Title VII claims asserted in arbitration), *accepted*, 2025 WL 1797552 (N.D. Tex. June 30, 2025). And the Motion does not establish any other basis of jurisdiction. *See id.*

### III. RECOMMENDATION

For the foregoing reasons, the District Judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on November 24, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).